```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

GARY KEITH THOMPSON, ET AL.                              PLAINTIFFS
VS.                            CIVIL ACTION NO. 3:04CV837-WHB-JCS
SANDERSON FARMS, INC.                                     DEFENDANT

and

DARNELL AMOS, ET AL.                                     PLAINTIFFS
VS.                            CIVIL ACTION NO. 3:04CV839-WHB-JCS
SANDERSON FARMS                                           DEFENDANT

and

ARTHUR BAKER, ET AL.                                     PLAINTIFFS
VS.                            CIVIL ACTION NO. 3:04CV840-WHB-JCS
SANDERSON FARMS                                           DEFENDANT


                              **ORDER**

The Court is in receipt of e-mails from counsel for Plaintiffs and counsel for Defendant in the above three causes of action. Through the e-mails, both counsel seek clarification of an identical Order entered in each of the three cases on May 4, 2006 (hereinafter "May 4 Order").[1]  The Court construes these e-mail communications as *ora tenus* Motions for Clarification.

Both counsel seek clarification as to whether counsel will be allowed to be present during the IMEs of eighteen Plaintiffs by Dr.

---

[1] The Court notes that both counsel for Plaintiffs and counsel for Defendant copied one another with their respective e-mail communications with the Court.  Therefore, the e-mails do not represent improper *ex parte* communications.

Mark Webb, a psychiatrist, and whether audio and/or video recording devices may be used during the IMEs.  The Court finds that such would not be appropriate, especially since the IMEs will involve psychiatric and/or psychological testing.  The presence of counsel or the presence of recording devices could affect the integrity of this type of testing.  It is THEREFORE ORDERED that counsel for neither Plaintiffs nor Defendant may be present in the immediate examination room where the IMEs are performed, and that recording devices may not be used during the IMEs.  However, counsel may be present at the facility where the IMEs are conducted, so long as they are not in the examination room itself.

Counsel for Plaintiffs also seeks clarification of Defendant's deadline for designation of experts.  The May 4 Order extended that deadline from May 22, 2006, to June 16, 2006.  The Court HEREBY AMENDS that ruling to state that all of Defendant's expert designations, other than the expert designation of Dr. Mark Webb, must be filed no later than May 22, 2006.  The expert designation of Dr. Webb, if he is designated as an expert, must be filed no later than June 16, 2006.

SO ORDERED this the 5th day of May, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct

2