IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DARNELL AMOS, JAMES DIGGS,
DOUGLAS EDWARDS, LOUIS HALL,
SAMUEL JONES, EARNEST LOVE,
BOBBY MILLER, RONNIE PORTER,
DEWAYME POUNDS, ROBERT (BOBBY)
RICHARDSON, STEVEN ROBERTSON,
JAMES ROBINSON                                    PLAINTIFFS

VS.                        CIVIL ACTION NO. 3:04CV839-WHB-JCS

SANDERSON FARMS, INC., AND
UNITED FOOD AND COMMERCIAL WORKERS
(LOCAL 1529, AFL-CIO)                             DEFENDANTS


OPINION AND ORDER

This cause is before the Court on the following:

1)    the Motion of Defendant Sanderson Farms, Inc. (hereinafter
      "Sanderson Farms") to Dismiss Plaintiff Robert (Bobby)
      Richardson, filed with the Clerk of the Court on February 20,
      2006, under docket entry no. 79;

2)    Plaintiffs' Motion to Join and/or Substitute Real Parties in
      Interest Coupled with Objection to Defendant's Motion to
      Dismiss, filed February 21, 2006, under docket entry no. 81;

3)    the Motion of Defendant Sanderson Farms to Dismiss Plaintiff
      James Diggs, filed February 22, 2006, under docket entry no.
      83;

4)   the Counter-Motion of James Diggs in Response to Defendant's Motion to Dismiss, filed March 8, 2006, under docket entry no. 92; and

5)   the Motion of Defendant Sanderson Farms to File Surreply, filed April 5, 2006, under docket entry no. 96.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds:

1)   the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Robert (Bobby) Richardson is well taken and should be granted;

2)   Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss is not well taken and should be denied;

3)   the Motion of Defendant Sanderson Farms to Dismiss Plaintiff James Diggs is well taken and should be granted;

4)   the Counter-Motion of James Diggs in Response to Defendant's Motion to Dismiss is not well taken and should be denied; and

5)   the Motion of Defendant Sanderson Farms to File Surreply is well taken and should be granted.

2

## I.  Factual Background and Procedural History[1]

This cause of action arises out of alleged race discrimination in the employment process.  Plaintiffs, who are all members of the black race, are or were employed by Defendant Sanderson Farms.  Plaintiffs allege that they suffered adverse disparate treatment based on their race.  Proper and timely administrative procedures were pursued through the Equal Employment Opportunity Commission (hereinafter "EEOC"), but the controversy was not resolved.  Aggrieved by the alleged race discrimination, the Plaintiffs named herein, as well as numerous other Plaintiffs, filed suit in this Court on May 19, 2003.  The cause number for the initially filed suit was 3:03cv699BN.  Through an Order filed in cause no. 3:03cv699BN on August 26, 2004, that case was closed, and Plaintiffs were ordered to sever their causes of action.  The Order resulted in the filing of six separate causes of action, each containing a group of Plaintiffs that had previously been parties in cause no. 3:03cv699BN.  The subject case, which includes twelve named Plaintiffs, is one of the six severed causes.

---

[1]The Motions currently before the Court do not pertain to most of the Plaintiffs in this cause.  Therefore, a detailed recitation of facts is not included in this section of the Opinion. Additional facts pertinent to the issues now before the Court are included as part of the analyses in the following sections to this Opinion.

The subject Complaint was filed on October 12, 2004.[2]  The Complaint states three claims.  Count one is a race discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII").  Count two alleges deprivation of full and equal benefits of the laws, and is brought under the Civil Rights Act of 1866 and/or 1870, 42 U.S.C. § 1981 (hereinafter "§ 1981").  Under counts one and two, Plaintiffs seek an unspecified amount of both compensatory and punitive damages.  Under count three, Plaintiffs seek declaratory and injunctive relief to ameliorate the alleged discriminatory practices of Sanderson Farms.  Per the Complaint, the sole purpose for joining Defendant United Food and Commercial Workers (Local 1529, AFL-CIO) in this case is to allow its participation in any remedy ordered by the Court. Complaint, p. 38, ¶ 156.

The Motions stated in the introduction of this Order are now ripe for consideration.  They are addressed under the following subheadings.

## II.  Analysis

### A.  Motions of Defendant Sanderson Farms to Dismiss Plaintiffs Robert Richardson and James Diggs

In these two Motions to Dismiss, Sanderson Farms argues that the claims of Plaintiffs Richardson and Diggs are barred by the

---

[2] Pursuant to the provisions of an Order filed on October 12, 2004, in cause no. 3:03cv699BN, the filing of this case "relates back" to the original filing date of May 19, 2003.

doctrine of judicial estoppel. In particular, Sanderson Farms contends that application of judicial estoppel is warranted because these Plaintiffs filed Voluntary Petitions for Bankruptcy under Chapter 13 of the Bankruptcy Code, and failed to list the subject discrimination claims as potential assets.[3] To analyze the subject issue, the Court must set forth the parameters of judicial estoppel, with particular emphasis on the failure of a debtor to disclose a potential cause of action on the appropriate Bankruptcy Schedule(s).

The underlying purpose of judicial estoppel is to prevent "a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 136 (5th Cir. 2005)(citation omitted). Judicial estoppel prevents litigants from "playing fast and loose" with the court system. Id. (citations omitted). "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" In re: Coastal Plains, Inc., 179 F.3d 197, 206 (5th Cir. 1999)(citation omitted). Because judicial estoppel is meant to protect the

---

[3]As part of a bankruptcy filing, the debtor is required to state and certify to the accuracy of several issues. This information is included in a body of "Schedules." Schedule B is titled "Personal Property." Item twenty on Schedule B requires a statement of all potential unliquidated claims of a debtor. Potential causes of action are required to be stated under item twenty of Schedule B.

judicial system, as opposed to litigants within the system, there is no requirement of detrimental reliance by the party asserting judicial estoppel. <u>Jethroe v. Omnova Solutions, Inc.</u>, 412 F.3d 598, 600 (5th Cir. 2005)(citation omitted).

> *<u>Judicial estoppel is particularly appropriate where ... a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset</u>*. <u>Jethroe</u>, 412 F.3d at 600 (emphasis added).  For example, "[a] plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim." <u>Id.</u> (citation omitted).

The burden to prove judicial estoppel is on the party invoking the doctrine. <u>Smith v. United States</u>, 328 F.3d 760, 765 (5th Cir. 2003).[4]  To successfully assert judicial estoppel, the proponent must satisfy the following three elements: "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." <u>Jethroe</u>, 412 F.3d at 600 (citation omitted).   As the subject case involves prior

---

[4]<u>Smith</u> involves the issue of equitable estoppel.  However, assignment of the burden of proof with regard to judicial estoppel is the same, as both of the doctrines represent equitable defenses to claims.

inconsistent statements in a bankruptcy proceeding, the Court focuses on judicial estoppel in that context when considering these three elements.

The first element of the test for judicial estoppel is satisfied if a litigant asserts a particular position in a litigation, then later asserts a contrary position in the same or another litigation. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, _including contingent and unliquidated claims_." <u>Coastal Plains</u>, 179 F.3d at 207-08 (citing 11 U.S.C. § 521(1))(emphasis in original). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose _all potential causes of action_." <u>Id.</u> at 208 (emphasis added; citation omitted). By omitting a claim or potential claim from the applicable bankruptcy schedule(s), a debtor represents to the bankruptcy court that the claim does not exist. <u>Id.</u> at 210; <u>In re: Superior Crewboats, Inc.</u>, 374 F.3d 330, 335 (5th Cir. 2004)(citing <u>Coastal Plains</u>). Based on these holdings, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met.

The second element for judicial estoppel is met if the party against whom estoppel is asserted convinced a court to accept the prior inconsistent position.

> [T]he "judicial acceptance" requirement "does not mean
> that the party against whom the judicial estoppel
> doctrine is to be invoked must have prevailed on the
> merits. Rather, judicial acceptance means only that the
> first court has adopted the position urged by the party,
> either as a preliminary matter or as part of a final
> disposition". <u>Reynolds v. Commissioner of Internal
> Revenue</u>, 861 F.2d 469, 473 (6th Cir.1988).

<u>Coastal Plains</u>, 179 F.3d at 206; <u>Superior Crewboats</u>, 374 F.3d at
335 (citing <u>Coastal Plains</u>).   Therefore, if a bankruptcy court
merely "adopts" an assertion or omission by a debtor in a
bankruptcy proceeding, then element two of the judicial estoppel
test is met with regard to a later legal claim which is
inconsistent with that assertion or omission.

The third element for successful assertion of judicial
estoppel requires no "inadvertent" action by the party against whom
the doctrine is asserted.   To establish that failure to disclose a
cause of action on the bankruptcy schedule(s) was inadvertent, a
debtor must prove: <u>*either*</u> (1) lack of knowledge of the inconsistent
position; <u>*or*</u> (2) no motive for concealment. <u>Jethroe</u>, 412 F.3d at
600-01 (citation omitted).   The standards for these two sub-
elements must be set forth separately.

Regarding the lack of knowledge sub-element, to overcome
judicial estoppel the debtor must show that "she was unaware of the
facts giving rise to" the claim. <u>Jethroe</u>, 412 F.3d at 601 (citation
omitted); <u>Coastal Plains</u>, 179 F.3d at 208 (citation omitted).   That
is,

> "[t]he debtor need not know all the facts or even the
> legal basis for the cause of action; rather, if the
> debtor has enough information ... prior to confirmation
> to suggest that it may have a possible cause of action,
> then that is a 'known' cause of action such that it must
> be disclosed". [Youngblood Group v. Lufkin Fed. Sav. &
> Loan Ass'n, 932 F.Supp. 859, 867 (E.D. Tex.
> 1996)](brackets omitted; quoting Union Carbide Corp. v.
> Viskase Corp. (In re Envirodyne Indus., Inc.), 183 B.R.
> 812, 821 n.17 (Bankr. N.D. Ill. 1995)).

Coastal Plains, 179 F.3d at 208.  Further, the fact that the debtor

was unaware that she had a _legal duty_ to disclose the claim _is of_

_no consequence_ in this analysis. Jethroe, 412 F.3d at 601 (citation

omitted); Kamont v. West, 83 Fed. App'x 1, 2003 WL 22477703 at *3

(5th Cir. 2003)(citation omitted).  Under these holdings, so long

as the debtor has knowledge of the underlying facts of an actual or

potential claim, then the debtor is deemed to have knowledge of the

claim.

    The motivation sub-element is met if is the debtor would "reap

a windfall" by being "able to recover on the undisclosed claim

without having disclosed it to creditors." Superior Crewboats, 374

F.3d at 336.  "Such a result would permit debtors to '[c]onceal

their claims; get rid of [their] creditors on the cheap, and start

over with a bundle of rights.'" Id. (bracketed text in original;

citation omitted).  In short, the motivation sub-element is almost

always met if a debtor fails to disclose a claim or possible claim

to the bankruptcy court.  Motivation in this context is self-

evident because of potential financial benefit resulting from the

nondisclosure. See Jethroe, 412 F.3d at 601 (citation omitted).

The Court now proceeds with application of the above standards to the subject Motions.  The Court is unsure of the exact dates on which Richardson and Diggs were hired by Sanderson Farms.  The Court is also unsure as to whether these Plaintiffs continue to be employed by Sanderson Farms to date.  However, it is clear that both were employed by Sanderson Farms no later than May 20, 2000 (see Complaint, p. 27, ¶ 133.a.), and continued their employments at least until the date the subject Complaint was filed (see Complaint, p. 28, ¶ 133.g.).

Richardson and Diggs, who both worked as chicken catchers, allege that from May of 2000, through February of 2003, chicken catcher crews made up of black employees were fired and replaced by chicken crews composed of Mexican employees. Complaint, p. 27, ¶ 133.c.  Richardson and Diggs also alleged that from Fall of 2000 through the date the Complaint was filed, they were subjected to harassment based on race. Complaint, p. 28, ¶¶ 133.g.-i.  Further, Richardson and Diggs allege that for a two month period beginning on February 14, 2003, they were moved from the higher-paying night shift to the lower-paying day shift. Complaint, pp. 27-28, ¶ 133.e. A crew of Mexican workers assumed the night shift. Id.  Plaintiffs finally contend that such treatment represents race discrimination as defined by Title VII, and a violation of Constitutional rights as protected by § 1981.

On October 23, 2002, the National Association of Colored People (hereinafter "NAACP") filed a Charge of Discrimination with the EEOC.  Through the EEOC Charge, the NAACP alleged that the hiring and/or employment practices of Sanderson Farms were discriminatory against black employees and potential employees, including Plaintiffs Richardson and Diggs.

Based on the above stated sequence of events as averred by Plaintiffs in the subject Complaint, Richardson and Diggs were subjected to actionable discrimination as early as May of 2000. _After_ this time period, both Richardson and Diggs filed Voluntary Petitions for Bankruptcy (hereinafter "Voluntary Petitions") under the provisions of Chapter 13 of the Bankruptcy Code.  Richardson's Voluntary Petition was filed on August 24, 2004, and Diggs' Voluntary Petition was filed on June 24, 2002.  Neither Plaintiff listed the subject discrimination claim on Schedule B of the Voluntary Petitions, as required by 11 U.S.C. § 521(1). See Schedule B, attached as Exhibit "C" to both Motions to Dismiss. Therefore, the Court finds that element one of the test for judicial estoppel is met in this case; i.e., these two Plaintiffs' race discrimination claims in this case are inconsistent with their assertions in the bankruptcy proceedings that no potential legal claims existed. See Jethroe, 412 F.3d at 600; Coastal Plains, 179 F.3d at 210; Superior Crewboats, Inc., 374 F.3d at 335.

11

Regarding the second element for application of judicial estoppel, Richardson and Diggs must have convinced the bankruptcy court to adopt the position that they had no potential causes of action pending. This, Plaintiffs did. By omitting this cause of action from Schedule B of their Voluntary Petitions, Richardson and Diggs represented to the bankruptcy court that the subject discrimination claims did not exist. On October 14, 2004, and September 12, 2002, Orders Confirming the Debtor's Plan were filed in Richardson's and Diggs' respective bankruptcy suits. The provisions of the Orders were necessarily based at least in part on Plaintiffs' representations, including the omission of the subject cause from Schedule B in each case. See Orders Confirming Debtor's Plan, attached as Exhibit "D" to both Motions to Dismiss. The Court finds that the second element of the judicial estoppel test is met.

The Court next considers the third element of the test for judicial estoppel, which questions whether Plaintiffs acted inadvertently when they omitted the subject discrimination claims from Schedule B. This inquiry requires analysis of two sub-elements.

Under the first sub-element, in order for judicial estoppel to bar the subject cause, Richardson and Diggs must have had knowledge of their discrimination claims at the time of the bankruptcy proceedings. The knowledge factor requires only that Plaintiffs

12

were aware of the facts giving rise to the discrimination claims. See Jethroe, 412 F.3d at 601; Coastal Plains, 179 F.3d at 208.  At the time Richardson and Diggs filed their Voluntary Petitions on August 24, 2004, and June 24, 2002, respectively, they possessed knowledge of the facts giving rise to the subject discrimination claims.  Alternatively, they clearly possessed knowledge of said facts during the pendency of their bankruptcy cases.  This is evident by the fact that Plaintiffs state in the Complaint that all black chicken catcher crews were being fired and replaced by all Mexican crews as early as May of 2000. Also, from the Fall of 2002 through the date the Complaint was filed, the Complaint states allegations that Plaintiffs were subjected to unlawful racial harassment.  The Court therefore finds that Plaintiffs were aware of facts underlying the subject discrimination claim prior to the filing of the Voluntary Petitions and/or during the pendency of their bankruptcy suits.

Plaintiffs failed to disclose the subject discrimination claims on their Schedule Bs, and neither made any effort during the course of his bankruptcy proceeding to amend his Voluntary Petition to disclose his claim.[5]  Based on Plaintiffs' failure to state their discrimination claims on Schedule B and their failure to

---

[5]Both of the bankruptcy cases are still open, and neither Richardson nor Diggs made any attempt to inform the Bankruptcy Court of the subject discrimination claims until after the Motions to Dismiss were filed.

13

amend their Voluntary Petitions to disclose the subject cause, the Court finds that the knowledge sub-element for the inadvertence test is met.

The second and final sub-element for the inadvertence test considers Plaintiffs' motivation for omitting their discrimination claims from Schedule B.  The Court must find that the motivation sub-element is met if Richardson and Diggs would "reap a windfall" by failing to disclose their discrimination claims to the bankruptcy court. See Superior Crewboats, 374 F.3d at 336. Plaintiffs clearly would have benefitted from omitting the discrimination claim from Schedule B.  The benefit is that Richardson and Diggs, rather than their creditors, would have received the fruits of the subject discrimination claims.  This Court therefore finds that the motivation sub-element for the test of inadvertence is met.

Based on the above findings, all elements for the application of judicial estoppel are met with regard to Richardson's and Diggs' discrimination claims against Sanderson Farms.  However, before reaching a final decision on this issue, the Court must address one final argument asserted by Plaintiffs.  Plaintiffs argue that the Court should find that Sanderson Farms waived its right to assert judicial estoppel because this equitable doctrine was not raised until almost three years after the original cause (3:03cv699BN) was filed.  This argument must be rejected because there is no

requirement for the judicial estoppel defense to be raised early in the proceeding. <u>Kamont</u>, 2003 WL 22477703 at *3.

Defendant Sanderson Farms has met its burden to prove all elements of the test for judicial estoppel, as it applies to Richardson's and Diggs' claims against Sanderson Farms in this suit. Therefore, in accordance with the analysis presented above, as well as the analysis presented below which pertains to denial of Plaintiffs' prayers to prosecute this case on behalf of their bankruptcy estates, the subject Motions to Dismiss must be granted.[6]

**B.   Motion of Plaintiffs to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss**

<i><u>and</u></i>

**Counter Motion of James Diggs in Response to Defendant's Motion to Dismiss**

Through the Motion to Join and/or Substitute Real Parties in Interest, Plaintiff Richardson seeks to prosecute this suit in his capacity as the Chapter 13 debtor in possession of the discrimination claim, then allow proceeds from this litigation, if any, to flow to his still open bankruptcy estate. Plaintiff Diggs

---

[6]Defendant United Food and Commercial Workers (Local 1529, AFL-CIO) did not join in the Motions to Dismiss. However, dismissal of these two Plaintiffs' claims against Local 1529 is appropriate because the sole purpose of its joinder was to allow union participation in any remedy ordered by the Court. <u>See</u> Complaint, p. 42, ¶ 151. With the dismissal of Richardson's and Diggs' claims against Sanderson Farms, no remedy in any form will be awarded to them.

seeks the same relief through his Counter Motion in Response to Defendant's Motion to Dismiss.

Superior Crewboats guides this Court in deciding whether these requested courses of action are allowable.

> [A plaintiff] cannot be permitted, at [a] late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir.2002) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.")

Superior Crewboats, 374 F.3d at 336.   Under the holdings in Superior Crewboats, a plaintiff / debtor should not be allowed to amend a bankruptcy petition "only after his omission has been challenged by an adversary[.]" Id. (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d at 1288).   Such would "suggest[] that a debtor should consider disclosing personal assets only if he is caught concealing them." Id.

Based on application of this law to the facts of this case, Richardson and Diggs will not be allowed to prosecute this suit in their capacities as the Chapter 13 debtors in possession.   The subject Motions must be denied.

## C.   Motion of Defendant Sanderson Farms to File Surreply

Sanderson Farms seeks leave of the Court to file a Surreply in support of its Motions to Dismiss.   The Court finds that the Motion is well taken and should be granted.   The Court has considered the

16

Surreply.  The Court notes, however, that even in the absence of the arguments presented in the Surreply, the outcome of the Motions to Dismiss would be the same.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Robert (Bobby) Richardson (docket entry no. 79) is hereby granted.  Plaintiff Richardson is dismissed from this case with prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss (docket entry no. 81) is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant Sanderson Farms to Dismiss Plaintiff James Diggs (docket entry no. 83) is hereby granted.  Plaintiff Diggs is dismissed from this case with prejudice.

IT IS FURTHER ORDERED that the Counter-Motion of James Diggs in Response to Defendant's Motion to Dismiss (docket entry no. 92) is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant Sanderson Farms to File Surreply (docket entry no. 96) is hereby granted.

SO ORDERED this the 31st day of May, 2006.

17

 

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct