IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DARNELL AMOS, JAMES DIGGS,
DOUGLAS EDWARDS, LOUIS HALL,
SAMUEL JONES, EARNEST LOVE,
BOBBY MILLER, RONNIE PORTER,
DEWAYME POUNDS, ROBERT (BOBBY)
RICHARDSON, STEVEN ROBERTSON,
JAMES ROBINSON                                          PLAINTIFFS

VS.                           CIVIL ACTION NO. 3:04CV839-WHB-JCS

SANDERSON FARMS, INC., AND
UNITED FOOD AND COMMERCIAL WORKERS
(LOCAL 1529, AFL-CIO)                                    DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Rule 54(b) Certification of Final Judgment, which was filed with the Clerk of the Court on June 14, 2006, under docket entry no. 156. Through this Motion, Defendants seek entry of a Final Judgment on the claims of Defendants Robert (Bobby) Richardson and James Diggs. The claims of these two Defendants were dismissed via an Opinion and Order filed on May 31, 2006, under docket entry no. 135.

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only *upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination

>    and direction, any order or other form of decision,
>    however designated, which adjudicates fewer than all the
>    claims or the rights and liabilities of fewer than all
>    the parties shall not terminate the action as to any of
>    the claims or parties, and the order or other form of
>    decision is subject to revision at any time before the
>    entry of judgment adjudicating all the claims and the
>    rights and liabilities of all the parties.

(Emphasis added). Defendants have come forth with no valid reason as to why Final Judgments should be entered on the claims of Richardson and Diggs. Based on the litigation history of this case, the Court wonders whether this is another tactic of Defendants to place obstacles in the path of Plaintiffs' attempts to efficiently bring this case to a final resolution. Regardless of whether this was Defendants' intent, the Court finds that the Motion should be denied.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion for Rule 54(b) Certification of Final Judgment (docket entry no. 156) is hereby denied.

SO ORDERED this the 22nd day of June, 2006.


                                s/ William H. Barbour, Jr.
                                UNITED STATES DISTRICT JUDGE

tct